[No. B189637. Second Dist., Div. One. June 22, 2006.]

SAFECO INSURANCE COMPANY OF AMERICA et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CENTURY SURETY COMPANY, Real Party in Interest.

## COUNSEL

Summers & Shives, Robert V. Closson and Ian G. Williamson for Petitioners.

No appearance for Respondent.

Woolls & Peer, John E. Peer; Dunn Koes, Pamela E. Dunn and Daniel J. Koes for Real Party in Interest.

Sonnenschein Nath & Rosenthal, Paul E. B. Glad and David R. Simonton for the Association of California Insurance Companies, TIG Insurance Company and Fairmont Specialty Insurance Company as Amici Curiae on behalf of Real Party in Interest.

## OPINION

**VOGEL, J.**—We hold that in an action for equitable contribution by a settling insurer against a nonparticipating insurer, the settling insurer has met its burden of proof when it makes a prima facie showing of coverage under the nonparticipating insurer's policy—the same showing of potential coverage necessary to trigger the nonparticipating insurer's duty to defend—and that the burden of proof then shifts to the recalcitrant insurer to prove the absence of actual coverage.

## FACTS

### A.

Thirteen construction companies purchased commercial general liability insurance from either Safeco Insurance Company of America or American States Insurance Company, and the same 13 insureds later purchased additional commercial general liability policies from Century Surety Company. All of the policies were primary for the relevant times, and all provided coverage for property damage that occurred within the policy period and arose from the scope of the contractors' work.

In 17 separate lawsuits, the 13 insureds were sued for property damage allegedly arising from their work during the periods covered by the Safeco, American States, and Century policies. In each case, the insured tendered its defense to its two insurers (either to Safeco and Century or to American States and Century). In every case, Safeco and American States accepted the tenders and provided a defense under a reservation of rights (and provided indemnity in those cases that settled), but Century rejected all tenders and refused to participate, relying on an "other insurance" provision in its policies to support its position that its policy provided only excess coverage to the insured's other insurance.

### B.

In April 2004, Safeco and American States (collectively Safeco) sued Century for equitable contribution and declaratory relief, alleging that Century had breached its duty to defend the carriers' mutual insureds, thus obligating Century to reimburse Safeco for its equitable share of the costs of defense and settlements of the underlying actions. Century answered and discovery ensued. By a summary adjudication motion addressing several of Safeco's causes of action, the trial court resolved the "other insurance" issue in favor of Safeco and against Century.

## C.

Safeco then moved for summary judgment or, alternatively, for summary adjudication of its remaining claims. In response, Century tried a different approach, contending Safeco had the burden to prove, for each settlement, (1) that Century had a duty to defend based on a potential for coverage, and (2) that there was in fact actual coverage under the Century policies. Safeco disagreed, contending all it had to prove to establish Century's liability was a "potential for coverage" triggering a duty to defend.

In February 2006, the trial court denied the motion with this explanation: "In most of the [underlying] cases, the complaints are very general . . . . [A]s to all of the causes of action there is an issue as to whether the alleged damages took place during a period of time when Century's policies were in effect. Without the possibility of coverage there is no duty to defend. *Even if there was a showing of possible coverage so that there was a duty to defend, [Safeco] would not be entitled to contribution until [it] established as a matter of law that there was coverage. (Truck Ins. Exch. v. Unigard Ins. Co.* (2000) 79 Cal.App.4th 966, 974 [94 Cal.Rptr.2d 516].) This they have not done." (Italics added.)[1]

In March, Safeco filed a petition for a writ of mandate challenging the trial court's ruling in its entirety. For our part, we stayed proceedings in the trial court and issued an order to show cause to address "the trial court's finding that, assuming 'there was a showing of possible coverage so that [Century] had a duty to defend, [Safeco] would not be entitled to contribution until [it] established as a matter of law that there was coverage [under the Century policies].' "

---

[1] On the same day, in a related case *(Truck Insurance Exchange v. Century Surety Insurance Co.* (Super. Ct. L.A. County, No. 319096)), the same trial court denied a similar summary judgment motion by Truck but granted summary adjudication with regard to several causes of action where "the evidence reveal[ed] the [underlying] complaints alleged incidents that occurred during Century's coverage period. Thus there was a duty to defend in each of those cases. [¶] . . . *At that point the burden shifted to Century to show the alleged damage was not covered as a matter of law. (Maryland Cas. Co. v. National American Ins. Co. of Calif.* (1996) 48 Cal.App.4th 1822, 1832 [56 Cal.Rptr.2d 498].) *Because Century has not pointed to any evidence showing there was no coverage, Truck is entitled to summary adjudication"* subject to *proof of damages.* (Italics added.) In our case, the trial court held that, assuming a showing of possible coverage sufficient to trigger Century's duty to defend, Safeco would be entitled to contribution only if *it* established as a matter of law that there *was coverage.* In the related case described in this footnote, the trial court held just the opposite—that Truck (which stands in the same position as Safeco), having shown a duty to defend, shifted the burden to Century to prove that, in fact, there was no coverage.

## DISCUSSION

█ The parties agree that a settling insurer seeking equitable contribution from a nonparticipating coinsurer need only establish a *potential for coverage* under the recalcitrant coinsurer's policy in order to obtain contribution for the costs of defense, but they disagree about the showing necessary to obtain contribution for a settlement—with Safeco contending the showing is the same for settlements as it is for costs of defense, while Century insists that *actual coverage* must be shown. For the equitable and public policy reasons explained below, we agree with Safeco that, once it has made a prima facie showing of coverage (that is, of potential liability triggering a duty to defend), it has met its burden of proof—and the alleged absence of *actual* coverage under the nonparticipating coinsurer's policy is a defense which the coinsurer must raise and prove.[2]

### A.

█ Equitable contribution apportions costs among insurers sharing the same level of liability on the same risk as to the same insured, and is available when several insurers are " 'obligated to indemnify or defend the same loss or claim, and one insurer has paid more than its share of the loss or defended the action without any participation by the others.' . . . 'The purpose of this rule of equity is to accomplish substantial justice by equalizing the common burden shared by coinsurers, and to prevent one insurer from profiting at the expense of others.' " (*Maryland Casualty Co. v. Nationwide Mutual Ins. Co.* (2000) 81 Cal.App.4th 1082, 1089 [97 Cal.Rptr.2d 374]; see Civ. Code, § 1432; Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2005) ¶¶ 8:65 to 8:66.1, pp. 8-22 to 8-25.)

█ In an action by an insurer to obtain contribution from a coinsurer, the inquiry is whether the nonparticipating coinsurer "had a *legal obligation* . . . to provide [a] defense [or] indemnity coverage for the . . . claim or action prior to [the date of settlement]," and the burden is on the party claiming coverage to show that a coverage obligation arose or existed under the coinsurer's policy. (*American Continental Ins. Co. v. American Casualty Co.* (2001) 86 Cal.App.4th 929, 938 [103 Cal.Rptr.2d 632]; see *American Star Ins. Co. v. Insurance Co. of the West* (1991) 232 Cal.App.3d 1320, 1325 [284

---

[2] An insurer's "duty to defend runs to claims that are merely potentially covered, in light of facts alleged or otherwise disclosed. . . . It entails the rendering of a service, viz., the mounting and funding of a defense . . . in order to avoid or at least minimize liability . . . . It arises as soon as tender is made. . . . It is discharged when the action is concluded [or] earlier, if it is shown that no claim can in fact be covered. . . . [¶] [T]he insurer's duty to defend is broader than its duty to indemnify." (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 46 [65 Cal.Rptr.2d 366, 939 P.2d 766], citations omitted.)

Cal.Rptr. 45].) This is what courts mean when they say they will not order a coinsurer to contribute to a loss that it had no obligation to pay under the terms of its policy. (*American Continental Ins. Co. v. American Casualty Co., supra,* 86 Cal.App.4th at pp. 938–939.)

■ When a duty to defend is shown, nonparticipating coinsurers are presumptively liable for both the costs of defense and settlement. (E.g., *Travelers Casualty & Surety Co. v. Century Surety Co.* (2004) 118 Cal.App.4th 1156, 1159 [13 Cal.Rptr.3d 526]; *Century Surety Co. v. United Pacific Ins. Co.* (2003) 109 Cal.App.4th 1246, 1260 [135 Cal.Rptr.2d 879]; *Fireman's Fund Ins. Co. v. Maryland Casualty Co.* (1998) 65 Cal.App.4th 1279, 1307–1309 [77 Cal.Rptr.2d 296].) On the more precise issue of just how much the nonparticipating coinsurer has to pay, the courts have held that, by its refusal to participate, the recalcitrant coinsurer waives the right to challenge the reasonableness of defense costs and amounts paid in settlement (because any other rule would render meaningless the insured's right to settle). (*United Services Automobile Assn. v. Alaska Ins. Co.* (2001) 94 Cal.App.4th 638, 644 [114 Cal.Rptr.2d 449]; *American Star Ins. Co. v. Insurance Co. of the West, supra,* 232 Cal.App.3d at pp. 1332–1333; Croskey et al., Cal. Practice Guide: Insurance Litigation, *supra,* ¶¶ 8:67.20 to 8:67.22, pp. 8-29 to 8-30.)

## B.

None of the cited cases have considered the point Century makes here—that its liability for a share of the settlements depends on the settling insurers' ability to prove actual coverage of the settled claims under Century's policies—that is, that it is Safeco's burden to prove that Century had a duty to indemnify their mutual insureds. We consider the burden of proof issue here, and reject Century's view.

■ An insurer's duty to indemnify "runs to claims that are actually covered, in light of the facts proved. . . . By definition, it entails the payment of money in order to resolve liability. . . . It arises only after liability is established." (*Buss v. Superior Court, supra,* 16 Cal.4th at p. 46.) By settling, however, the parties forgo their right to have liability "established" by a trier of fact, and the settlement "becomes presumptive evidence of the [insured's] liability and the amount thereof, which presumption is subject to being overcome by proof. . . . 'A contrary rule would make the right to settle meaningless. . . .' " (*Phoenix Ins. Co. v. United States Fire Ins. Co.* (1987) 189 Cal.App.3d 1511, 1526–1527 [235 Cal.Rptr. 185] [equitable indemnity action]; *Isaacson v. California Ins. Guarantee Assn.* (1988) 44 Cal.3d 775, 791–792 [244 Cal.Rptr. 655, 750 P.2d 297] [same presumption when insured settles a claim, then sues insurer to recover the amount of the settlement].)

■ Although a nonparticipating coinsurer waives its right to challenge the reasonableness of the amount of a settlement, it retains its right to raise other coverage defenses as affirmative defenses in a contribution action—which means, of course, that the recalcitrant coinsurer has the burden of proof on those issues. (Croskey et al., Cal. Practice Guide: Insurance Litigation, *supra*, ¶¶ 8:71 to 8:113, pp. 8-32 to 8-37; *Hartford Casualty Ins. Co. v. Travelers Indemnity Co.* (2003) 110 Cal.App.4th 710, 721–722 [2 Cal.Rptr.3d 18]; *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 300 [24 Cal.Rptr.2d 467, 861 P.2d 1153].) Accordingly, while we agree with Century that it must contribute to the settlements only if there was actual coverage under its policies, we agree with Safeco that in the circumstances of this case—where Century's duty to defend is undisputed, and where by law the settlements are presumptively reasonable—the burden of proof is on Century to establish that there was no coverage (and not on Safeco to prove the opposite).

■ Because the issue before us falls squarely within the rule permitting a nonparticipating insurer to raise coverage issues as affirmative defenses in an action in which the settling insurers seek equitable contribution (Croskey et al., Cal. Practice Guide: Insurance Litigation, *supra*, ¶¶ 8:71 to 8:113, pp. 8-32 to 8-37; *Hartford Casualty Ins. Co. v. Travelers Indemnity Co., supra*, 110 Cal.App.4th at pp. 721–722; *Montrose Chemical Corp. v. Superior Court, supra*, 6 Cal.4th at p. 300), we decline Century's invitation to diverge from this standard by adopting a rule that would encourage insurance companies to disavow their contractual responsibilities to their insureds (*Amato v. Mercury Casualty Co.* (1997) 53 Cal.App.4th 825, 839 [61 Cal.Rptr.2d 909]) and, by extension, their responsibilities to coinsurers. Instead, we hold that in an action for equitable contribution by a settling insurer against a nonparticipating insurer, the settling insurer has met its burden of proof when it makes a prima facie showing of coverage under the nonparticipating insurer's policy—the same showing necessary to trigger the recalcitrant insurer's duty to defend—and that the burden of proof then shifts to the nonparticipating insurer to prove the absence of actual coverage. (*Aydin Corp. v. First State Ins. Co.* (1998) 18 Cal.4th 1183, 1193 [77 Cal.Rptr.2d 537, 959 P.2d 1213] [assuming the normal burden of proof would be otherwise, it is properly altered based on " ' "the knowledge of the parties concerning the particular fact, the availability of the evidence to the parties, the most desirable result in terms of public policy in the absence of proof of the particular fact, and the probability of the existence or nonexistence of the fact" ' "].)

## DISPOSITION

The petition is granted insofar as it seeks a determination that, in this action for equitable contribution by two settling insurers against a nonparticipating insurer, the settling insurers (Safeco and American States) have met

their burden when, with regard to each of the underlying cases, they have made a prima facie showing of coverage under the nonparticipating insurer's (Century's) policy—the same showing necessary to trigger Century's duty to defend—and that the burden then shifts to Century to prove the absence of actual coverage. In all other respects, the petition is denied. Safeco and American States are awarded their costs of these writ proceedings.

Mallano, Acting P. J., and Rothschild, J., concurred.

A petition for a rehearing was denied July 17, 2006, and the petition of real party in interest for review by the Supreme Court was denied August 30, 2006, S145417.