**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF ILLINOIS, <br><br> Defendant - Appellant. | No. 09-56864 <br><br> D.C. No. 2:08-CV01261 GW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and submitted December 8, 2011
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and JONES, District Judge.*\*

Safeco Insurance Company of Illinois ("Safeco") appeals the district court's

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

grant of summary judgment to Travelers Property Casualty Company of America ("Travelers") in Travelers' action under California law seeking contribution from Safeco for the settlement and defense costs of an underlying wrongful death action against Daniel and Patricia Pondella, in their individual and trustee capacities. For the following reasons, we affirm the judgment of the district court.

Safeco did not argue in the district court that there was no coverage for the accident under the Safeco policies and understandably the district court did not expressly address that question. Issues not presented to the district court generally cannot be raised for the first time on appeal. *United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991). There is an exception, of course, when the district court commits plain error and an injustice may result. *Id.* In this case, the district court did not commit plain error.

Travelers met its prima facie burden as to coverage at summary judgment by showing that the Pondellas were named as defendants in the underlying action, both as individuals and as trustees of their family trust. *See Safeco Ins. Co. of Am. v. Superior Court*, 44 Cal. Rptr. 3d 841, 846 (Ct. App. 2006). Safeco, as the nonparticipating insurer, bore the ultimate burden of proving the absence of liability coverage under its policies for the Pondellas, either as individuals or as trustees. *See id.* The Pondellas as individuals were actual insureds under the policies. Because, on the limited facts before the court, Safeco could not show that the Pondellas as

individuals were not legally liable for the accident causing the victim's death, Safeco did not meet its burden of showing there was no coverage.

This is true even if we assume that section 18002 of the California Probate Code, limiting the personal liability of trustees to situations in which they are "personally at fault," applies. Cal. Prob. Code § 18002 (West 2011). The Law Revision Commission comment states that "[a] trustee is 'personally at fault' when the trustee commits a tort either intentionally or negligently." *Id.* cmt. (citing *Johnston v. Long*, 181 P.2d 645, 650 (Cal. 1947)). Had the wrongful death action gone to trial, a jury could reasonably have found that Daniel Pondella acted negligently in fulfilling his duty to maintain the trees on the lot and that his negligence caused the victim's death.

As it did before the district court, Safeco argues that because the Pondellas purchased the lot in 1978 as an "investment" and held it as such through the time of the accident, the incident is not covered under the Safeco policies because of their "business pursuits" exclusion. This exclusion is common in homeowners policies and serves to restrict personal liability coverage to "personal or nonbusiness activities." H. Walter Croskey et al., *Cal. Practice Guide: Insurance Litigation* ¶ 7:2202 (2011). It is true that California law defines the term "business" broadly in the context of the business pursuits exclusion to include any "regular activity motivated by profit or gain, including part-time or supplemental income projects." *Id.* ¶ 7:2203 (quoting

*State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987)). California courts have recognized certain investments and other relatively passive business activity as falling within the scope of the exclusion. *See State Farm Fire & Cas. Co. v. Drasin*, 199 Cal. Rptr. 749, 752-53 (Ct. App. 1984). However, in owning the vacant lot in question, the Pondellas engaged in almost no activity at all and believed that the lot was essentially valueless. The evidence in this case does not support the application of the "business pursuits" exclusion.

Safeco's final argument is that its policies were "excess only," available only if the primary policies were exhausted. The plain language of the insuring clauses of the Safeco policies states that they provide coverage for bodily injury and other insured risks immediately and are not contingent upon exhaustion of any underlying insurance. *See* Croskey et al., *supra*, ¶ 8:176 (noting that primary insurance provides "immediate coverage" upon an occurrence or happening giving rise to liability). They are thus primary policies, notwithstanding the "excess only" clauses purporting to limit coverage where other insurance is available. *See Commerce & Indus. Ins. Co. v. Chubb Custom Ins. Co.*, 89 Cal. Rptr. 2d 415, 419-20 (Ct. App. 1999). Further, the Safeco and the Travelers policies insure the same risk, i.e., the risk of bodily injury for which the Pondellas will be liable. Where primary insurance policies contain conflicting excess clauses, the clauses are disregarded and the insurers must share in the defense and indemnity costs on a pro-rata basis. *See id.* at 418. Thus, as the

district court determined, Travelers is entitled to pro-rata indemnification for the total amount it paid to settle the underlying action.

**AFFIRMED.**