FILED

**NOT FOR PUBLICATION**

JUL 10 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

           Plaintiff - Appellant,

 v.

VADNAIS CORPORATION; et al.,

           Defendants - Appellees.

No. 12-15751

D.C. No. 1:10-cv-01669-LJO-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted March 13, 2014
San Francisco, California

Before: THOMAS, FISHER, and BERZON, Circuit Judges.

Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul") appeals

from the district court's grant of summary judgment to Steadfast Insurance

Company ("Steadfast"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and

reverse. Because the parties are familiar with the history of the case, we will not

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

recount it here. We review a grant of summary judgment de novo. *New Hampshire Ins. Co. v. Vieira*, 930 F.2d 696, 697 (9th Cir. 1991).

A claim for equitable contribution "arises when several insurers are obligated to indemnify or defend the same loss or claim, and one insurer has paid more than its share of the loss or defended the action without any participation by the others." *Maryland Cas. Co. v. Nationwide Mut. Ins. Co.*, 97 Cal. Rptr. 2d 374, 378 (Ct. App. 2000) (internal quotation marks omitted).

"An insurer must defend its insured against claims that create a *potential* for indemnity under the policy." *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005). "The duty to defend is broader than the duty to indemnify, and it may apply even in an action where no damages are ultimately awarded." *Id.* "The defense duty arises upon tender of a potentially covered claim and lasts until the underlying lawsuit is concluded, or until it has been shown that there is no potential for coverage." *Id.* "When the duty, having arisen, is extinguished by a showing that no claim can in fact be covered, it is extinguished only prospectively and not retroactively." *Id.* (internal quotation marks omitted).

Under the "continuous injury" trigger of coverage, a duty to defend can arise based on allegations of defective construction and subsequent ongoing deterioration, even though damages are not manifested until years later, because

2

there could potentially have existed a covered event during the policy period. *Pepperell v. Scottsdale Ins. Co.*, 73 Cal. Rptr. 2d 164, 169–70 (Ct. App. 1998).

The district court properly determined that the continuous injury trigger is applicable here. Cawelo "alleged that the pipeline had defective design and installation in May 1996, that it corroded and deteriorated, and that because of the nature of the injuries, the damages were only discovered . . . later." Likewise, the district court properly determined that Steadfast's duty to defend Vadnais arose in the first instance because, based on the allegations in the complaint of the progressive deterioration of the defective pipeline, causing leakage into and dangerous erosion of the surrounding area, there existed—at least *potentially*—a covered event. Specifically, we agree with St. Paul that the facts stated or fairly inferable in the complaint, or otherwise known to Steadfast, suggested a claim for soil erosion that was potentially covered by the policy. We are not persuaded by Steadfast's argument that "there was absolutely nothing to suggest the potential that Cawelo was claiming damages for erosion at the time Steadfast withdrew from the defense of Vadnais and denied any further obligation to defend." Steadfast knew that the pipeline had deteriorated over time, that it had leaked, and that it ultimately had produced a sinkhole. Cawelo's complaint, moreover, expressly alleged damages "to the property upon which the pipeline is situated and the

3

surrounding lands thereto." We need not reach any other claims alleged by the complaint.

Steadfast's duty to defend, having arisen, lasts until the underlying action is concluded or until it is shown that no claim can *in fact* be covered, but the duty to defend is only extinguished prospectively. *Scottsdale*, 115 P.3d at 466. The underlying action here settled before Steadfast may have shown that no claim was in fact covered by its policy. Thus, because St. Paul defended the action without participation by Steadfast, St. Paul is entitled to equitable contribution for Steadfast's share of the costs of defense. *Safeco Ins. Co. of Am. v. Superior Court*, 44 Cal. Rptr. 3d 841, 844 (Ct. App. 2006) ("a settling insurer seeking equitable contribution from a nonparticipating coinsurer need only establish a *potential for coverage* under the recalcitrant coinsurer's policy in order to obtain contribution for the costs of defense").

**REVERSED and REMANDED.**