Filed 8/22/14  Yu v. Landmark American Ins. Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BANN-SHIANG LIZA YU,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>LANDMARK AMERICAN INSURANCE COMPANY,<br><br>    Defendant and Respondent. | G048182<br><br>(Super. Ct. No. 30-2009-00255065)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Kim Garlin Dunning, Judge.  Affirmed.

        Mohammed K. Ghods, William A. Stahr and Jeremy A. Rhyne for Plaintiff and Appellant.

        Musick, Peeler & Garrett, David A. Tartaglio and Teresa Cho for Defendant and Respondent.

*        *        *

Plaintiff and appellant Bann-Shiang Liza Yu appeals from a summary judgment in favor of defendant and respondent Landmark American Insurance Company in an insurance bad faith action. She raises several grounds, including that neither of two policy exclusions applies, defendant failed to defend additional insureds, and defendant did not negate the equitable contribution cause of action. Plaintiff also claims the trial court erred by making a blanket order overruling all of her evidentiary objections.

We conclude an exclusion for the insured's prior work barred coverage as a matter of law. In addition, plaintiff has not shown there was any evidence-based error. We affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff is the owner and developer of the Candlewood Suites Hotel (hotel). She contracted with ATMI Design Build (ATMI) to act as the general contractor to construct the hotel (Project). On November 18, 2002, ATMI entered into two subcontracts with Jose Jesus Aguilar, doing business as C&A Framing Company (C&A), one to provide materials and labor and one to perform the rough framing for the Project. In May 2003 ATMI fired C&A before he had completed all the work required by the subcontract. ATMI hired another contractor to complete C&A's work.[1] After May 2003 C&A never returned to the construction site and did not communicate with anyone connected with the Project.

The Notice of Completion for the Project was recorded April 15, 2004, and the Certificate of Occupancy was issued April 16, 2004.

---

[1] Plaintiff cites to C&A's deposition testimony stating he completed the work under the first subcontract to provide materials and completed 98 percent of the second subcontract and the only thing left to do was "pickup work." In another deposition C&A testified he had completed 90 to 95 percent of the contract work. Plaintiff asserts C&A was "thrown off the job." This evidence does not create a triable issue of material fact as to whether C&A's work under the second subcontract was completed.

2

In September 2004 defendant issued to C&A a commercial general liability policy (Policy) for the period September 18, 2004 to September 18, 2005. The Policy was later cancelled, effective January 14, 2005.

Coverage under the Policy, as amended by an endorsement titled "EXCLUSION – PRE-EXISTING DAMAGE OR INJURY," provided:

"(a) We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damages' to which this insurance does not apply. . . .

"b. This insurance applies to 'bodily injury' and 'property damage' only if:

"(1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';

"(2) The outset of the 'bodily injury' or 'property damage' takes place during the policy period;

"(3) Such 'bodily injury' or 'property damage' did not result in damages which are the subject of any 'suit,' settlement or adjustment prior to the inception date of this insurance . . . ; and

[¶] . . . [¶]

"These conditions . . . shall apply whether or not the 'bodily injury' or 'property damage' is known to any insured.

"c. If the outset of any 'bodily injury' or 'property damage' takes place during this policy period then it shall include any continuation of that 'bodily injury' or 'property damage' after the end of the policy period."

The Policy also contained an endorsement entitled "EXCLUSION – YOUR PRIOR WORK" (boldface omitted) (Your Prior Work Exclusion) that stated: "This

3

insurance does not apply to 'bodily injury,' 'property damage,' or 'personal and advertising injury' arising out of 'your work' prior to 09/18/04."

"'Your work'" is defined as:

"a. . . . :

"(1) Work or operations performed by you or on your behalf; and

"(2) Materials, parts or equipment furnished in connection with such work or operations.

"b. Includes:

"(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work,' and

"(2) The providing of or failure to provide warnings or instructions."
"You" and "your" in the Policy referred to C&A.

In 2004 plaintiff sued ATMI for alleged construction defects. In June 2006, plaintiff filed her fourth amended complaint against ATMI and approximately 35 subcontractors including C&A, who was sued for failing to complete framing. C&A tendered his defense to defendant. Defendant declined the tender, reserving all its rights, based on the Your Prior Work Exclusion and the provision of the Policy requiring that the outset of the damage occur during the policy period. C&A did not dispute defendant's declination of a defense and had no further communication with defendant. Defendant received no tenders other than from C&A.

C&A was defended by Mt. Hawley Insurance Company (Mt. Hawley), which paid to settle the case on behalf of C&A. C&A himself did not pay anything and was given a full release of liability.

In 2009 plaintiff filed this action against defendant and other insurers. The first amended complaint contains causes of action for declaratory relief, breach of contract, bad faith, and equitable subrogation, contribution and indemnity. Plaintiff alleged C&A assigned to her all his rights against any insurer that had issued a policy to

4

him that "potentially afford[ed] coverage" for a failure to defend and further that Mt. Hawley assigned to her any rights it might have to indemnity, contribution and subrogation.

Defendant filed a motion for summary judgment arguing it had no duty to defend or indemnify C&A in the ATMI action, relying on, among other things, the Your Prior Work Exclusion. In the alternative defendant moved for summary adjudication of issues that it had no duty to indemnify and that the causes of action for breach of contract and bad faith had no merit. The trial court granted the summary judgment motion relying on the Your Prior Work Exclusion.

## DISCUSSION

*1. Introduction*

Code of Civil Procedure section 437c, subdivision (c), declares "summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A defendant may bring a motion on the ground there is a complete defense to the action. (Code Civ. Proc., § 437c, subds. (*o*)(2),(p).) If he meets his burden to show a complete defense, the burden shifts to plaintiff to produce evidence showing a triable issue of material fact. (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, fn. omitted.) "[A] party ' . . . must produce admissible evidence raising a triable issue of fact. [Citation.]' [Citation.]" (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.*, *supra*, 199 Cal.App.4th at pp. 1144-1145.) We review a summary judgment de novo. (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 860.)

5

*2. Your Prior Work Exclusion*

Defendant denied coverage based on the Your Prior Work Exclusion and the trial court granted summary judgment on that basis. Plaintiff claims reliance on this exclusion fails for two reasons: First, the exclusion is ambiguous and must be construed in favor of plaintiff; and second, the definition of "your work" under the Policy includes warranties, which defendant failed to consider when denying coverage.

*a. Meaning of Your Prior Work Exclusion*

The Your Prior Work Exclusion in the Policy began with the heading "EXCLUSION – YOUR PRIOR WORK" (boldface omitted). The provision itself declared, "This insurance does not apply to 'bodily injury,' 'property damage,'[2] or 'personal and advertising injury' arising out of 'your work' prior to 09/18/04."

Plaintiff claims this provision is ambiguous and that, contrary to defendant's interpretation the date modifies "your work," it is reasonable to construe the date to modify "property damage." She argues this is the only reasonable meaning of the provision and maintains that under the rules of contract interpretation, where there are two reasonable meanings the language must be construed in favor of coverage, consistent with the insured's reasonable expectations. However, if we properly apply the rules of statutory construction, plaintiff's interpretation cannot prevail.

The meaning "of an insurance policy is a question of law." (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1,18.) "'Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. [Citation.]' [Citation.] In determining this intent, '[t]he rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it.' [Citation.] We consider the '"clear and explicit" meaning of these provisions,

2 The parties agree the only claimed injury is property damage.

6

interpreted in their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by usage."' [Citation.]" (*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 288.)

"[L]anguage in a contract must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract. [Citation.] Courts will not strain to create an ambiguity where none exists." (*Waller v. Truck Ins. Exchange, Inc.*, *supra*, 11 Cal.4th at pp. 18-19.) "We may not, under the guise of strict construction, rewrite a policy to bind the insurer to a risk that it did not contemplate and for which it has not been paid. [Citation.]" (*Safeco Ins. Co. v. Gilstrap* (1983) 141 Cal.App.3d 524, 533.)

A review of the Your Prior Work Exclusion shows it is not ambiguous and plaintiff's construction is not reasonable. The heading of the provision, set out in all caps and boldface type, is "EXCLUSION – YOUR PRIOR WORK." This is prominent, clear and explicit and is not used in a technical sense. (*Pennsylvania General Ins. Co. v. American Safety Indemnity Co.* (2010) 185 Cal.App.4th 1515, 1527-1528 [court relies on heading to aid interpretation of CGL policy and hold provision not ambiguous].) Given the language of the exclusion, it is not objectively reasonable for an insured to believe property damage rather than prior work is being excluded. (*Clarendon American Ins. Co. v. North American Capacity Ins. Co.* (2010) 186 Cal.App.4th 556, 567.) Even under a strict and narrow construction of the exclusion, it does not lend itself to plaintiff's proposed meaning. Plaintiff points to nothing in the Policy, other than this strained interpretation, to show the intent was to cover any of C&A's work done prior to the inception of the Policy.

Moreover, another provision in the Policy entitled "EXCLUSION – PRE-EXISTING DAMAGE OR INJURY" excludes property damage occurring before the Policy period. This section would be wholly redundant and constitute surplusage if the Your Prior Work Exclusion was interpreted as plaintiff argues. (*Queen Villas*

7

*Homeowners Assn. v. TCB Property Management* (2007) 149 Cal.App.4th 1, 9 [agreement must be construed to give effect to every word and not render any surplusage].) It would be inconsistent with the rule of construction requiring us to interpret the Policy as a whole and in context. (*Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854, 867.)

In a related argument, plaintiff maintains defendant also breached its duty to additional insureds under the Policy, plaintiff, ATMI, and Himes Peters Jepson Architects, Inc., because it failed to investigate. This claim fails as well.

The Additional Insured endorsement provides that an insured is "[a]ny person or organization to whom or to which you are obligated by virtue of a written contract . . . to provide insurance such as is afforded by this policy" "but only with respect to liability arising out of 'your work' for that insured by or for you." We have already determined that there was no coverage for the C&A claim based on the Your Prior Work Exclusion. Thus, any coverage of an additional insured was excluded as well.

### b. *Warranties*

In the Policy, "your work" is defined to include "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work.'" Plaintiff argues that, in considering whether there was coverage at the time of tender, defendant was required to investigate whether C&A had given any warranties. Because defendant did not do so there was no way it could have determined there was no coverage when it denied the tender. In addition, plaintiff continues, had defendant conducted an investigation, it would have learned there were applicable warranties.

Plaintiff points to warranties in each of the Notices of Award, one guaranteeing the materials "for 12 months after final acceptance by the [o]wner" and the other guaranteeing workmanship and materials for the same period. She also notes

language in the first contract providing that the warranties would "begin as of the [d]ate of [f]inal [c]ompletion." She argues these warranties could have extended into the term of the Policy, requiring defendant to defend.

Plaintiff asserts the language of the warranty provision, i.e., "[w]arranties . . . made at any time," must be interpreted to mean warranties made even before the Policy was in effect. But the Your Prior Work Exclusion applies to limit them. Warranties are included in the definition of "your work." The Your Prior Work Exclusion plainly states the Policy does not apply to property damage "arising out of 'your work' prior to 09/18/04." Thus, if C&A gave any warranties, they were made before the Policy period and are excluded.

Plaintiff did not dispute the Your Prior Work Exclusion or the definition of "your work" in the Policy. Therefore, defendant met its burden and the burden shifted to plaintiff. She did not provide any evidence C&A made any warranties after September 18, 2004, during the Policy period.

All the factual arguments plaintiff raises are irrelevant because, pursuant to the Policy language, coverage for the warranties was excluded as a matter of law. Therefore, it is irrelevant whether or not defendant investigated, as plaintiff argues it should have. If, as a matter of law, there is no potential for coverage, an insurer will not have a duty to defend the insured regardless of when it acquired that knowledge. "The resolution of a legal question against coverage . . . establishes in hindsight that no duty to defend ever existed and that there was never any potential for coverage. [Citation.]" (*State Farm General Ins. Co. v. Mintarsih* (2009) 175 Cal.App.4th 274, 284-285, fn. 6, citing *Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643, 657-658.)

*3. Equitable Contribution*

Plaintiff argues there are material facts as to whether she, as assignee of Mt. Hawley, which defended C&A, is entitled to equitable contribution. She contends we must look to see if there was potential coverage at the time defendant denied the tender,

9

not whether there is coverage at this time "based on selective facts now known by" defendant.

Coverage under the Policy is an element of a cause of action for equitable indemnity. (*Monticello Ins. Co. v. Essex Ins. Co.* (2008) 162 Cal.App.4th 1376, 1386.) As discussed above, there was no potential for coverage when defendant denied the tender. Thus, this claim fails. (See *Safeco Ins. Co. v. Superior Court* (2006) 140 Cal.App.4th 874, 879, 881.)

*4. Evidentiary Objections*

Finally, plaintiff complains the court overruled her objections to portions of the evidence defendant submitted in support of its motion for summary judgment without any analysis. Plaintiff did not set out the seven objections or explain why overruling them was error as was her burden.

In addition, "an erroneous evidentiary ruling requires reversal only if 'there is a reasonabl[e] probability that a result more favorable to the appealing party would have been reached in the absence of the error. [Citation.]' [Citations.]" (*Twenty-Nine Palms Enterprises Corp. v. Bardos* (2012) 210 Cal.App.4th 1435, 1449.) Plaintiff failed to make this showing. Our review of the objections reveals none of the evidence to which plaintiff objected is relevant to the basis for our decision and thus its admission was not prejudicial.

10

## DISPOSITION

The judgment is affirmed.  Defendant is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.